PARKER, APPELLANT, *v.* THE CENTRAL MANUFACTURERS MUTUAL INS. CO., APPELLEE.

(No. 190—Decided July 15, 1953.)

*Messrs. Beard, Wise & Beard* and *Messrs. Purdy & Brown,* for appellant.

*Mr. M. L. Landis* and *Messrs. Effler, Eastman, Stichter & Smith,* for appellee.

MIDDLETON, J. This is an appeal on questions of law from a judgment rendered on the pleadings by the Court of Common Pleas of Van Wert County.

Plaintiff's claim as set out in his petition is, briefly, as follows:

He was, at the time referred to in the petition, the owner of certain real estate in Willshire, Ohio, upon which were located a one-story brick building and a two-story brick building; that on May 16, 1935, the defendant executed and delivered to the plaintiff a fire insurance policy insuring said property against loss or damage by fire for a period of one year, in the sum of $7,000; that on or about May 29, 1935, while the policy of insurance was in force and effect, the one-story building on such property was totally destroyed by fire, and the two-story building was damaged by fire to the extent of $1,000; and that plaintiff duly notified the defendant of the fire and otherwise complied with all the covenants of said policy on his part to be performed, save and except the formal "proof of loss" within the 60 days from the time of the fire, which policy provision, the company, by its knowledge and conduct, has waived.

The total amount and value of property lost or damaged by the fire is $3,500 and such amount is plaintiff's claim which was presented to the defendant for allowance and payment, and was disallowed and payment refused.

The defendant filed an answer in which it admits its incorporation and place of business, and that it assumed all liabilities of The Ohio Underwriters Mutual Fire Insurance Company which issued the policy, as alleged in the petition.

The policy of insurance was executed and delivered to the plaintiff, and plaintiff, Charles C. Parker, notified the defendant of a fire which had occurred on the premises referred to in the petition.

For a second defense, defendant avers that plaintiff's action was not commenced within 12 months next after the loss by fire, to wit, May 29, 1935, as required by the conditions of the policy of insurance.

For a third defense, defendant states that the insured, or his legal representative, did not render a statement to the defendant, signed and sworn to, in compliance with the following conditions of the policy of insurance:

"If fire occur the insured shall and within sixty days after the fire unless such time is extended in writing by this company, render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property."

The answer states further that time for filing such proof of loss beyond the 60-day limitation was not extended in writing by the defendant; that plaintiff has never, to this date, tendered proof of loss, nor has proof of loss been received by defendant.

To this answer, plaintiff filed his reply in which he alleges that the action on the policy for the recovery of his claim was commenced within 12 months after the inception of the loss, in that on September 6, 1935, an action was instituted in the Common Pleas Court of Van Wert County by Jane Cully Dudgeon against Charles C. Parker, The Ohio Underwriters Insurance Company and J. L. Yancy, as defendants.

In said action plaintiff alleged in her petition that title to the property here in question was in herself and not in the defendant, Charles C. Parker.

In her petition, plaintiff in that action averred that the buildings on the property were insured against loss by The Ohio Underwriters Insurance Company of Van Wert, Ohio, in the approximate sum of $7,000; that said premises, on May 30, 1935, were partially destroyed and damaged by fire; and that defendant Charles C. Parker is claiming the insurance money, which money does not belong to him but is the money and property of the plaintiff.

The plaintiff herein alleges that in said action filed by Jane Cully Dudgeon, the defendant, Charles C. Parker, plaintiff herein, on October 19, 1935, filed a demurrer to the petition; that this demurrer was overruled on August 16, 1940; and that on October 14, 1940, the defendant therein, Charles C. Parker, filed his answer which denied plaintiff's allegation of her ownership of the property in question.

Then follows a series of admissions of the allegations of the petition, which may be briefly stated as follows:

First, an admission that the buildings on the premises were insured against loss by fire with the defendant insurance company in the approximate sum of $7,000.

Second, an admission that on May 30, 1935, the buildings were partially destroyed by fire.

Third, an admission that the defendant (Parker) is claiming said insurance money.

Defendant then denies, all and singular, the averments contained in the petition.

Plaintiff alleges further in his reply that on October 5, 1948, the defendant insurance company filed its answer in the *Dudgeon case* and that such answer by the insurance company was, briefly, as follows:

Admits first, that the policy of insurance was issued to Charles C. Parker, in the amount of $7,000;

Second, that said policy bore an inception date of May 16, 1935, and an expiration date of May 16, 1936;

Third, that said policy provided for $4,500 insurance on the two-story building and $2,500 on the one-story building situate on the real estate described;

Fourth, that notice of damage to these premises by fire as of May 30, 1935, was gained by the insurance company about May 31, 1935, whereupon an immediate investigation of the cause of the fire was commenced; and

Fifth, that shortly after the date of the fire the plaintiff (Dudgeon) commenced an action, putting in issue the title to the premises described in the policy, which policy contained a provision that it should be void if the interest of the insured be other than unconditional and sole ownership.

Sixth, the answer denies that the defendant, Charles C. Parker, has fully complied with the terms and conditions of the policy, establishing a loss in the approximate amount of $3,500 or any other amount; and

Seventh, that the plaintiff (Dudgeon) is not an insured under this policy or otherwise identified as having an insurable interest in the premises described in the policy.

Then follows a general denial of all allegations contained in the petition not admitted to be true in the answer.

Plaintiff herein avers that said action was dismissed, without prejudice, on September 13, 1949, because of lack of prosecution on the part of the plaintiff, to which ruling the plaintiff and the defendant Parker except.

In his reply filed in the case at bar, plaintiff alleges that this action was brought within one year after the dismissal of the above referred to action, to establish the loss suffered by this plaintiff, and that plaintiff has exercised due diligence in all respects.

Plaintiff then admits that proof of loss was not tendered to the defendant within 60 days after the fire occurred, and that the company, by its knowledge and conduct, has waived this provision of the policy.

The reply then denies all allegations of defendant's answer inconsistent with his petition.

Subsequently, the defendant insurance company filed its motion for judgment on the pleadings, which motion the court granted and entered judgment for

the insurance company, and dismissed plaintiff's petition.

From that judgment the plaintiff appealed to this court.

The amended petition in the *Dudgeon case* contained five causes of action, but only one, the fourth cause of action, related to the insurance policy involved in the case at bar.

It is conceded that action on the insurance policy, under the terms of the policy, must be brought by the insured within 12 months from the date of the loss.

Admitted facts set forth in the pleadings show that an action was not commenced by the plaintiff Parker on the policy within the 12-month period, unless the averments in his answer in the *Dudgeon case* constituted an affirmative action by way of cross-petition against his codefendant, the insurance company. If the averments in his answer in the *Dudgeon case* do constitute an assertion of a claim against the insurance company by way of cross-petition, the present action is not barred by the dismissal of the *Dudgeon case* for want of prosecution, but is brought within the one-year period from the date of such dismissal, as provided by Section 11233, General Code, which reads as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date, and this provision applies to any claim asserted in any pleading by a defendant."

If the plaintiff is to prevail in this action it must be

by reason of the following provision of the above-quoted section, to wit, "and this provision applies to any claim asserted in any pleading by a defendant."

The Supreme Court, in discussing the provisions of this section, as contained in an antecedent section, in the case of *Atcherly* v. *Dickinson*, 34 Ohio St., 537, states the following at page 539:

"The plaintiffs have misconceived the purpose and effect of this section. It is a part of the chapter of the code relating to the 'time of commencing actions,' of which section 6 reads as follows: 'Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action accrues.' It is plain, from this, that the chapter relates exclusively to original actions, and the prescribed limitations apply only to the causes of such actions. In addition, the plaintiffs in error are not within the terms of section 18. The first clause of the section relates to the reversal of judgments for the *plaintiff*, or the failure of the *plaintiff* otherwise than on the merits. The plaintiffs in error were defendants in the original action, and hence they are not within the first clause of the section. The second clause of the section makes its provisions applicable to any claim asserted in any pleading by a defendant, *i. e.*, any setoff or counterclaim which would have constituted a cause of action against the plaintiff that may be set up by the defendant. But the defendants' set up no such claim in this case. The defense was a denial of liability."

From the above statement the Supreme Court clearly holds the word, "claim," to mean, "cause of action."

The answer filed by Parker in the *Dudgeon case* is responsive only to the averments of plaintiff's petition. It contains a series of admissions of matters set

out in the fourth cause of action of the petition relating to the insurance policy and the loss and damage to the property covered thereby, and a denial of all other allegations in said fourth cause of action. It cannot be conceived how these admissions by Parker, of the averments contained in the petition, can be construed to be a counterclaim against his co-defendant, the insurance company. The answer does not seek any affirmative relief against the insurance company.

It is recognized that the prayer of a pleading is no part of the cause of action, and the relief which may be given may be different than that asked for in the prayer, but the prayer may be examined to determine what the pleader intends by his pleading and the relief he is seeking and supposes he is entitled to receive.

A study of the Parker answer to the petition in the *Dudgeon case* definitely eliminates the conclusion that this answer is a cross-petition seeking affirmative relief against the insurance company.

Failing to seek affirmative relief in the *Dudgeon case*, the plaintiff cannot in the present action avail himself of the provisions of the saving clause found in Section 11233, General Code.

Plaintiff's action is therefore barred by the provisions contained in the insurance policy.

The court below did not err in granting the defendant insurance company judgment on the pleadings.

*Judgment affirmed.*

GUERNSEY and DEEDS, JJ., concur.

DEEDS, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.