**McCANN, Appellant,**

v.

**CITY OF LAKEWOOD et al., Appellees.**

[Cite as *McCann v. Lakewood* (1994), 95 Ohio App.3d 226.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 64073, 64508 and 64631.

Decided June 13, 1994.

228

*Donald B. McCann* and *John B. Gibbons,* for appellant.

*Todd M. Raskin* and *John T. McLandrich,* for appellees.

KRUPANSKY, Judge.

Plaintiff-appellant Nancy W. McCann ("McCann") requested a variance from the Lakewood Board of Zoning Code Appeals ("Lakewood") in order to construct a *boathouse* on her property located at 926 Beach Road, Lakewood, Ohio. When Lakewood denied the request for this variance, McCann appealed from the administrative agency's decision to the Cuyahoga County Court of Common Pleas which assigned to the appeal Common Pleas No. 190070 (the "boathouse case").

Subsequent to her appeal, the Common Pleas Court bifurcated the boathouse case by stipulation of the parties, thereby dividing the boathouse case into two separate issues, *viz.* (1) appeal on the merits from the decision denying McCann the variance to construct a boathouse; and (2) motion for declaratory judgment to declare Lakewood Ordinances Chapter 1106 [1] violated the Fifth and Fourteenth Amendments to the Federal Constitution.

Thereafter, McCann made an additional request to Lakewood for a variance in order to construct a *boatdock* on the same Beach Rd. property. When Lakewood denied this second request for a variance, McCann again appealed from the administrative agency's decision to the common pleas court which assigned to this second appeal Common Pleas No. 210881 (the "boatdock case"). The common pleas court then consolidated the boathouse case and the boatdock case upon McCann's motion.

In summary, the following consolidated cases *sub judice* were before the common pleas court:

(1) the *boathouse case* bifurcated as follows:

(A) appeal *on the merits* from Lakewood's decision denying McCann a variance to construct a boathouse;

(B) request for *declaratory judgment* that the ordinances denying McCann's request to construct a boathouse were *unconstitutional;* and

(2) the *boatdock case* appealed *on the merits* from Lakewood's decision denying McCann a variance to construct a boatdock.

In order to attempt a simplification of this appellate review, each case that was before the common pleas court will be addressed separately since the factual situation is quite convoluted and complicated.

---

**1.** Lakewood Ordinances Chapter 1106 regulates, *inter alia,* area and use of lots in the Lagoon District.

Common Pleas No. 190070: The Boathouse Case

In the boathouse case, McCann appealed Lakewood's decision denying appellant a variance from the city's municipal zoning ordinances which would have permitted McCann to construct a boathouse on her property known as 926 Beach Road. McCann, in her complaint, prayed for the issuance of the variance and compensatory damages alleging she owned her property prior to the enactment of the Lakewood ordinance and, therefore, the ordinance was not applicable to her property pursuant to the "grandfathering" doctrine. In addition, McCann prayed for a declaratory judgment that the Lakewood zoning ordinances violated the Fifth and Fourteenth Amendments to the Federal Constitution. As noted *supra*, these two issues in the boathouse case were bifurcated in the common pleas court.

Thereafter, McCann filed a praecipe requesting a complete record of the Lakewood zoning proceedings which occurred in April and May 1990. In response to this praecipe, Lakewood filed a complete record of the Lakewood Board of Zoning Code Appeals proceedings with respect to the April and May 1990 hearings. In addition, Lakewood filed a complete record of other irrelevant proceedings which involved a different property also owned by McCann known as 830 Beach Road.

On January 22, 1992, the common pleas court affirmed on the merits Lakewood's decision to deny McCann a variance in order to construct a boathouse. The court did not as yet adjudicate the complaint for declaratory judgment containing McCann's constitutional claims in this entry but noted the judgment of January 22, 1992 was a ruling upon only the administrative appeal on the merits. McCann moved the common pleas court to make this ruling on the administrative appeal a final appealable order stating there was "no just reason for delay," but the court denied the motion. Therefore, this segment of the case *sub judice* was not as yet ripe for appeal.

Thereafter, McCann filed a motion to vacate the briefing schedule established by the common pleas court with respect to only the constitutional issues remaining to be litigated in the boathouse case raised in the claim for declaratory judgment. McCann alleged the briefing schedule should be vacated based upon her mistaken belief Lakewood had not as yet filed complete transcripts, without which McCann could not properly prepare a brief. This motion was subsequently denied. Lakewood, in fact, had filed all the transcripts and material relating to the boathouse case with the common pleas court.

On April 28, 1992, the common pleas court found no grounds upon which to hold Lakewood Ordinances Chapter 1106 unconstitutional and denied the request for declaratory judgment. The court noted in its journal entry that McCann had

not filed a brief with respect to the constitutional claims. The January 22, 1992 and April 28, 1992 entries thus adjudicated the boathouse case.

■ Although these were final orders, however, they would not become appealable until final adjudication occurred in the boatdock case because of the consolidation of the two cases. *Bender v. Diemert* (Mar. 21, 1991), Cuyahoga App. Nos. 58304 and 58368, unreported, 1991 WL 39680; *Redfield v. Mt. Sinai Med. Ctr.* (Oct. 31, 1991), Cuyahoga App. Nos. 59275 and 59292, unreported, 1991 WL 228667. On June 17, 1992, the common pleas court dismissed McCann's appeal from the administrative denial of her variance request in the boatdock case pursuant to Civ.R. 41(B)(1), thereby entering a final judgment in the boatdock case. The June 17, 1992 order stated in relevant part as follows:

"Case dismissed for want of prosecution. Ohio C. Rule P. 41(B)(1)."

The common pleas court, however, dismissed the boatdock case *without prejudice* by indicating in Box No. 87 "DIS W/O PREJ" on the halfsheet entry. Since all litigation instituted by McCann subsequent to the June 17, 1992 dismissal entry including the subject matter jurisdiction of this appellate court rests upon the appealability of this dismissal entry, we are compelled to first consider whether the June 17, 1992 order was a final appealable order.

■ The common pleas court dismissed McCann's appeal from the administrative decision in the boatdock case pursuant to Civ.R. 41(B)(1) for failure to prosecute. A dismissal for failure to prosecute is an involuntary dismissal and is deemed to be a dismissal upon the merits and, thus, a final appealable order unless the court expressly states otherwise.[2] The common pleas court dismissed McCann's appeal in the boatdock case *without prejudice*. When an *original* action is dismissed without prejudice in a trial court, the plaintiff may generally refile the *original* action at some later date provided the statute of limitations has not expired or, if so, the "Savings Statute," R.C. 2305.19, is applicable.

In the case *sub judice*, however, McCann's boatdock case which was dismissed without prejudice was in actuality an *appeal* to the common pleas court from an administrative agency decision rather than an *original action*. For this reason, McCann could not refile her action subsequent to its dismissal, *i.e.*, McCann was

---

2. Civ.R. 41 states in relevant part as follows:

"(B) Involuntary Dismissal: Effect Thereof.

"(1) *Failure to Prosecute*. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

"* * *

"(3) *Adjudication on the Merits; Exception*. A dismissal under this subdivision * * * operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

not able to refile her *appeal* from the administrative denial of her variance request based upon the reasons that follow.

Pursuant to R.C. 2506.01,[3] an appeal from the decision of an administrative agency to a common pleas court is governed by the same statutes which govern appeals to the court of appeals, *viz.*, R.C. 2505.01 *et seq.*, unless modified by R.C. Chapter 2506. See *Thomas v. Webber* (1968), 15 Ohio St.2d 177, 44 O.O.2d 150, 239 N.E.2d 26. R.C. 2505.03[4] mandates that administrative appeals shall be governed by R.C. Chapter 2505 and the Rules of Appellate Procedure. App.R. 4(A)[5] requires a notice of appeal to be filed within thirty days of the judgment entry from which an appeal lies.

In the case *sub judice,* McCann timely filed her notice of appeal from the administrative decision in the boatdock case on May 13, 1991, *i.e.,* she complied with App.R. 4(A) when she filed her first notice of appeal in the boatdock case to the court of common pleas. However, on June 17, 1992, the date the common pleas court dismissed McCann's appeal in the boatdock case without prejudice, the thirty-day time limitation within which to file such appeal imposed by App.R. 4(A) had long since expired. Therefore, McCann, on June 17, 1992, could not have refiled a notice of appeal from the administrative decision in the boatdock case pursuant to App.R. 4(A).

In addition, when an appeal is dismissed for want of prosecution, such dismissal is a bar to a subsequent appeal where such subsequent appeal is not predicated on newly discovered evidence. *Anderson v. Richards* (1962), 173 Ohio St. 50, 18 O.O.2d 252, 179 N.E.2d 918. As of June 17, 1992, appellant has made no claim of newly discovered evidence. Furthermore, McCann could not have refiled a notice of appeal in the common pleas court pursuant to the Savings Statute, R.C. 2305.19,[6] since this section relates exclusively to *original actions*

---

3. R.C. 2506.01 states in relevant part as follows: "Every final order, adjudication, or decision of any officer, tribunal * * * or other division of any political subdivision * * * may be reviewed by the court of common pleas * * * as provided in Chapter 2505. of the Revised Code except as modified by this chapter."

4. R.C. 2505.03 states in relevant part as follows: "(B) Unless, in the case of an administrative-related appeal, Chapter 119. or other sections of the Revised Code apply, such an appeal is governed by this chapter and, to the extent this chapter does not contain a relevant provision, the Rules of Appellate Procedure."

5. App.R. 4(A) states in relevant part as follows: "(A) * * * A party shall file the notice of appeal * * * within thirty days of * * * the entry of the judgment or order appealed."

6. R.C. 2305.19 states in relevant part as follows: "In an action commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date * * *."

and not to *appeals.* *Atcherly v. Dickinson* (1878), 34 Ohio St. 537; *Parker v. Cent. Mfrs. Mut. Ins. Co.* (1953), 98 Ohio App. 169, 57 O.O. 223, 128 N.E.2d 440.[7]

 As noted *supra,* the term *without prejudice* essentially means the party may refile the action at a later date. Since McCann's action was an *appeal* rather than an *original action,* McCann could not refile the appeal at a later date and the term *without prejudice* in the case *sub judice* was an oxymoron and inoperative. We, thus, find the term *without prejudice* indicated in the June 17, 1992 judgment entry impotent and hold that the order dismissing the appeal pursuant to Civ.R. 41(B)(1) was a final appealable order.

### Cuyahoga App. Nos. 64508 and 64631

We initially note no direct appeals *on the merits,* either from the administrative appeal or from the declaratory judgment action, were filed in the court of appeals with respect to the boathouse case. Two appeals were initiated, however, from the declaratory judgment action of the boathouse case, *viz.* (1) from the common pleas court's denial of the first Civ.R. 60(B) motion to vacate judgment which was designated Cuyahoga App. No. 64508 on appeal; and (2) from that court's denial of the second or amended 60(B) motion to vacate judgment which was designated Cuyahoga App. No. 64631 on appeal.

On August 24, 1992, McCann filed a motion for relief from only the April 28, 1992 judgment, which adjudicated only the constitutional issues, of the boathouse case pursuant to Civ.R. 60(B) "on the grounds of surprise and excusable neglect" and also claimed the judgment was "unfair and unreasonable." Appellant failed, however, to assert a meritorious claim or defense in her 60(B) motion. On September 16, 1992, the common pleas court denied McCann's first motion for relief from judgment.

Thereafter, McCann filed a second motion, an amended motion, for relief pursuant to Civ.R. 60(B) again with respect to only the April 28, 1992 judgment adding to her motion the assertion that she had a meritorious claim. On October 13, 1992, the common pleas court also denied this amended motion for relief from judgment. Both appeals to this court, therefore, concern only the 60(B) motions to vacate the April 28, 1992 judgment which adjudicated McCann's request for declaratory judgment of unconstitutionality in the boathouse case.

Appellant's assignments of error I, II and III shall be considered together and follow:

---

7. In *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285, in a distinguishable decision under the Workers' Compensation Act, the Ohio Supreme Court in a very narrow decision held the savings statute does permit the refiling of only a workers' compensation complaint in the appellate court.

"I. The trial court erred in upholding the board of zoning appeals because the lot involved is 'grandfathered' as to the minimum size required by the zoning ordinance, and it is entitled to a variance based on 'practical difficulty' when there is no more land to utilize.

"II. The trial court erred in not permitting discovery, and a full hearing on the constitutional issue (Count II) alleged in the complaint.

"III. The trial court erred in not issuing a final order with respect to the ruling on Count I (administrative appeal) of the complaint."

These assignments lack merit.

These assignments appeal *on the merits* from (1) the January 22, 1992 entry of the common pleas court awarding judgment to Lakewood with respect to only the administrative appeal contained in the boathouse case, and (2) the April 28, 1992 judgment rendered with respect to only the constitutional claims and request for declaratory judgment also contained in the boathouse case. We noted *supra* that the boathouse case and the boatdock case were consolidated in the trial court and, therefore, the orders in the boathouse case entered on January 22, 1992 and April 28, 1992, were final orders but would not become *appealable* until a final appealable order was entered in the boatdock case. We also noted *supra*, the common pleas court entered a final appealable order in the boatdock case on June 17, 1992, thus making appeals possible from both the boathouse case and the boatdock case. *Bender, supra; Redfield, supra.*

Therefore, pursuant to App.R. 4(A), had McCann desired to appeal to this court on the merits from the January 22, 1992 administrative appeals decision or from the April 28, 1992 constitutional decision, she was required to appeal within thirty days of the June 17, 1992 entry or no later than July 17, 1992. However, no appeal on the merits was filed in the court of appeals from the January 22, 1992 or April 28, 1992 judgment entries in the boathouse case on or before July 17, 1992.

From January 22, 1992 until July 17, 1992, McCann had one hundred seventy-seven days to prepare for and file an appeal from the common pleas court's decision on the merits with respect to the appeal from the administrative agency's decision. Appellant had eighty days in which to prepare and file an appeal with respect to the merits of the constitutional decision from April 28, 1992 to July 17, 1992, the deadline for filing all the appeals on the merits from both cases.

In actuality, however, McCann did not file notices of appeal with this appellate court with respect to the boathouse case until after the common pleas court denied both her Civ.R. 60(B) motions, *i.e.,* McCann filed notices of appeal with respect to the boathouse case on October 14, 1992 (Cuyahoga App. No. 64508) and November 12, 1992 (Cuyahoga App. No. 64631). These notices of

appeal challenged only the common pleas court's denial of the motions for relief from judgment and did not appeal from the January 22, 1992 and April 28, 1992 judgments with respect to the merits of the boathouse case.

A motion for relief from judgment pursuant to Civ.R. 60(B) is not a substitute for a direct appeal from the judgment challenged. *Colley, infra; Justice v. Lutheran Social Serv. of Cent. Ohio* (1992), 79 Ohio App.3d 439, 607 N.E.2d 537; *Bosco v. Euclid* (1974), 38 Ohio App.2d 40, 67 O.O.2d 209, 311 N.E.2d 870. Therefore, in accordance with App.R. 4(A), this appellate court lacks jurisdiction to review the common pleas court's judgments with respect to the merits of the administrative appeal and the constitutional decision of the boathouse case. Hence, based upon the foregoing analysis, Cuyahoga App. Nos. 64508 and 64631 may assign as error only the denials of McCann's two 60(B) motions and, thus, appellant's first, second and third assignments of error are overruled since these deal with the merits of the boathouse case.

Appellant's fourth assignment of error follows:

"IV. The trial court erred in not granting relief from final judgment per Rule 60(B)."

This assignment also lacks merit.

Civ.R. 60(B) states in relevant part as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

An appellate court will not reverse a trial court's grant or denial of a Civ.R. 60(B) motion absent an abuse of discretion. *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113; *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365; *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. A movant must satisfy *all three of the following* in order to prevail on a Civ.R. 60(B) motion:

"(1) the party has a meritorious defense or claim to present if relief is granted;

"(2) the party is entitled to relief pursuant to one of the reasons stated in Civ.R. 60(B)(1) through (5); and

"(3) the motion must be made within a reasonable time and, with respect to Civ.R. 60(B)(1), (2) and (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE, supra; Colley v. Bazell* (1980), 64 Ohio St.2d 243, 18 O.O.3d 442, 416 N.E.2d 605; *Caruso–Ciresi, supra; Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 15 OBR 505, 474 N.E.2d 328; *Griffey, supra; Volodkevich v. Volodkevich* (1988), 35 Ohio St.3d 152, 518 N.E.2d 1208; *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564; *Whitt v. Bennett* (1992), 82 Ohio App.3d 792, 613 N.E.2d 667; *Katko v. Modic* (1993), 85 Ohio App.3d 834, 621 N.E.2d 809.

In the cases *sub judice*, Cuyahoga App. Nos. 64508 and 64631, appellant appeals from two different judgments of the common pleas court, *viz.* (1) Cuyahoga App. No. 64508 pertains to the September 16, 1992 order denying McCann's first Civ.R. 60(B) motion for relief from judgment; and (2) Cuyahoga App. No. 64631 pertains to the October 13, 1992 order denying McCann's amended or second Civ.R. 60(B) motion for relief from judgment. We note again these two motions were not appeals on the merits of the constitutional decision but, rather, sought to vacate the April 28, 1992 judgment which adjudicated the constitutional claims of McCann's request for declaratory judgment contained in the boathouse case.

In the first of these motions, the subject of Cuyahoga App. No. 64508, McCann filed a motion for relief from judgment pursuant to Civ.R. 60(B). As noted in *GTE, supra, et al.*, McCann, in order to prevail on her Civ.R. 60(B) motion, was obliged to satisfy the requirement that she had a (1) meritorious claim or defense to present if relief were granted along with two other requirements of (2) timeliness and (3) entitlement to relief on grounds stated in Civ.R. 60(B). The movant's burden, however, is only to assert a meritorious claim or defense supported by operative facts and not to necessarily prevail with respect to the truth of the claim or defense. *Volodkevich, supra; Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879; *Colley, supra; Weaver v. Colwell Financial Corp.* (1992), 73 Ohio App.3d 139, 596 N.E.2d 617.

In this first motion for relief from judgment, McCann failed to assert she had a meritorious claim or defense to present if relief were granted. For this reason, the common pleas court did not err when it denied her first motion for relief from judgment pursuant to Civ.R. 60(B).

In her second motion for relief from judgment, *i.e.*, her amended motion for relief from judgment, the denial of which was appealed in Cuyahoga App. No.

64631, McCann attempted to supply the element missing from her first 60(B) motion, *i.e.*, she asserted a meritorious claim to present if relief were granted and provided operative facts in support of this assertion as well. In *Dawson v. Udelsen* (1987), 37 Ohio App.3d 141, 143, 524 N.E.2d 525, 527, the court, referring to a second 60(B) motion, stated as follows:

"Principles of *res judicata* prevent appellee from prevailing on the second motion especially since the first motion's insufficiency was the result of appellee's own inadvertence." See *Brick Processors, Inc. v. Culbertson* (1981), 2 Ohio App.3d 478, 2 OBR 604, 442 N.E.2d 1313.

In accordance with *Dawson, supra,* the common pleas court did not err when it denied appellant's amended motion for relief from judgment since *res judicata* precluded McCann from prevailing on her second or amended 60(B) motion. Assignment of error IV, therefore, lacks merit and is overruled.

### Common Pleas No. 210881: The Boatdock Case

On May 13, 1991, McCann filed a second administrative appeal to the common pleas court, the boatdock case, from a decision rendered by Lakewood after hearings were held on March 19, 1991 and April 16, 1991. This second decision denied McCann a variance to construct a *boatdock* on the same 926 Beach Road property. In this complaint, McCann essentially alleged the same constitutional deficiencies and "grandfathering" rights as she claimed in the boathouse case.

Thereafter, McCann filed another praecipe for complete record of the zoning appeal proceedings which occurred in March and April 1991. In response to this praecipe, Lakewood again filed a record of proceedings; however, although this record contained the minutes of the meeting held in March and April 1991, this record did not contain a *verbatim* transcript of the March 19, 1991 or the April 16, 1991 hearings.

McCann then filed a motion for an order compelling completion of transcript. In response to this motion to compel, Lakewood filed, on December 10, 1991, a "notice of filing of transcript" of the zoning proceedings along with the *verbatim* transcript of the April 16, 1991 hearing. Lakewood, however, did not file the *verbatim* transcript of the March 19, 1991 hearing. For this reason, McCann filed a second motion to compel Lakewood to furnish a *verbatim* transcript but this time to furnish it personally to McCann.

The common pleas court denied this motion on January 22, 1992 stating McCann could copy the transcript from the court record although the March 19, 1991 transcript had not been filed and was not a part of the record. In addition, on January 22, 1992, the common pleas court journalized an entry outlining the briefing schedule to be followed by both parties with respect to only the boatdock case.

On June 17, 1992, the court journalized a final entry adjudicating the boatdock case. The court noted that neither party to the action had complied with the briefing schedule. The common pleas court, therefore, dismissed the boatdock case without prejudice pursuant to Civ.R. 41(B)(1) for want of prosecution. As discussed and analyzed *supra*, this June 17, 1992 entry was a final appealable order and completely adjudicated the boatdock case and made the previous judgments in the boathouse case final appealable orders.

### Cuyahoga App. No. 64073

In Cuyahoga App. No. 64073, McCann timely appealed to this appellate court from only the June 17, 1992 judgment of the common pleas court dismissing her appeal from the administrative denial of a requested variance in the boatdock case. Appellant's first assignment of error follows:

"I. The trial court erred in not ordering Lakewood to furnish appellant with a copy of the verbatim transcript involved."

This assignment lacks merit.

R.C. 2506.02 addresses the issue of transcripts filed with an appellate court by an administrative agency and states in relevant part as follows:

"Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file *in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration* in issuing the final order, adjudication, or decision appealed from." (Emphasis added.)

In the case *sub judice*, McCann alleges the trial court erred when it refused to compel appellees to issue a *verbatim* transcript of the hearing proceedings personally to McCann. R.C. 2506.02 did not require the common pleas court to compel appellees to furnish a transcript personally to McCann but, rather, required the common pleas court to compel the agency to file such transcript with only the common pleas court. Appellant's first assignment of error lacks merit and is, therefore, overruled.

Appellant's second assignment of error in Cuyahoga App. No. 64073 follows:

"II. The trial court erred in not properly managing the case and then dismissing it."

This assignment has merit.

In the case *sub judice*, Lakewood filed a record in the common pleas court of all the original papers, testimony, and evidence offered, heard, and taken into consideration by the common pleas court with respect to the boatdock case except

for the *verbatim* transcript of the March 19, 1991 hearing. In addition, the instant record contains an October 25, 1991 departmental correspondence from Mary M. Udell, Recording Secretary of the Lakewood Building Department, to James T. Barbero, Secretary of the Board of Zoning Code Appeals, stating that she was unable to prepare a *verbatim* transcript of the March 19, 1991 hearing since she experienced difficulty with a tape recording machine and was, thus, unable to record the proceedings *verbatim.*

McCann, thereafter, twice moved the common pleas court to compel appellees to file a complete transcript, but Lakewood had filed all the relevant written documents in its possession. However, since the material which Lakewood filed did not contain a transcript of all the original testimony offered at the March 19, 1991 hearing, the record of evidence was incomplete.

R.C. 2506.03 provides a specific remedy when an administrative body files a deficient or incomplete transcript and states in relevant part as follows:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed * * * unless it appears, on the face of that transcript * * * that one of the following applies:

"(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;

" * * *

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from[.]

"[In such circumstance], the court *shall* hear the appeal upon the transcript and such additional evidence as may be introduced by any party." (Emphasis added.)

In *Ray v. Ohio Unemp. Comp. Bd. of Rev.* (1993), 85 Ohio App.3d 103, 108, 619 N.E.2d 106, 109, the court stated in relevant part as follows:

"Where, in an appeal to the court of common pleas from an administrative agency of a local political subdivision, *the transcript of the proceeding* furnished the court by the agency *does not contain all the evidence submitted to it* on the trial of the issues before the agency, *and when such transcript does not contain the conclusions of fact supporting the decision appealed to the court,* the court *is required to hear such additional evidence* as may be introduced by either party in the proceeding on appeal." (Emphasis added.)

In addition, when an administrative body files a deficient transcript, the required hearing may be conducted *de novo. Ray, supra.*

In the case *sub judice,* the only relevant evidence submitted by appellees with respect to the boatdock case consisted of documents entitled (1) Minutes of the Meeting of March 19, 1991; (2) Meeting of April 16, 1991; (3) Minutes of the Meeting of April 16, 1991; and (4) Transcripts–Board of Zoning Code Appeals April 16, 1991–Docket 3–12–91. We note that these documents contained neither the *verbatim* transcript of the March 19, 1991 meeting nor a statement containing conclusions of fact supporting the final order, adjudication, or decision appealed from. R.C. 2506.03; *Ray, supra.* Therefore, since the record filed with the common pleas court did not contain a *verbatim* transcript of the March 19, 1991 hearing, *i.e.,* all evidence admitted or proffered by the appellant at that meeting, and since it did not contain conclusions of fact supporting the final order, the common pleas court was required to conduct a hearing and permit the admission of additional evidence relevant to the boatdock case.

We note, however, the common pleas court intended to hear the within case and dismissed only for failure to prosecute. An appellate court will not reverse a dismissal for failure to prosecute absent abuse of discretion. *Levy v. Morrissey* (1986), 25 Ohio St.3d 367, 25 OBR 416, 496 N.E.2d 923; *Cook v. Transamerica Ins. Serv.* (1990), 70 Ohio App.3d 327, 590 N.E.2d 1382; *Williams v. Banner Buick, Inc.* (1989), 60 Ohio App.3d 128, 574 N.E.2d 579.

As stated *supra,* Civ.R. 41(B)(1) requires the trial court to provide notice of impending dismissal to plaintiff's counsel before dismissing. Notice to the plaintiff or to plaintiff's counsel of the court's intent to dismiss is an absolute prerequisite to a Civ.R. 41(B)(1) dismissal whether the dismissal is *with* or *without* prejudice. *Levy, supra; Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951; *Cook, supra; Williams, supra; Drescher v. Summers* (1986), 30 Ohio App.3d 271, 30 OBR 469, 507 N.E.2d 1170; *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 28 OBR 136, 502 N.E.2d 255. Notice of trial does not provide the notice required by Civ.R. 41(B)(1). *Ford Motor Credit, supra.*

In the case *sub judice,* we find the common pleas court abused its discretion when it dismissed the boatdock case without notice. The court failed to issue the requisite notice to McCann or her counsel. *Levy, supra.* In accordance with R.C. 2506.03, the common pleas court should have conducted a hearing in which it permitted additional evidence to be admitted. Based upon the foregoing analysis, the trial court erred when it dismissed the boatdock case without notice and appellant's second assignment of error is, therefore, sustained.

In summary, with respect to Cuyahoga App. Nos. 64508 and 64631, *i.e.,* the boathouse case, we overrule McCann's first three assignments of error since they

requested an adjudication on the merits from which no timely appeal was taken. In addition, we overrule the fourth assignment of error for the following reasons:

(1) McCann's first Civ.R. 60(B) motion was deficient for failure to assert a meritorious claim or defense; and

(2) McCann's second Civ.R. 60(B) motion was precluded by *res judicata* since it merely reiterated the same issues raised in the first motion but attempted to supply the missing assertion of a meritorious claim or defense.

The judgment in case Nos. 64508 and 64631 is affirmed.

In summary, with respect to Cuyahoga App. No. 64073, *i.e.*, the boatdock case, we find the common pleas court erred when it dismissed the boatdock case pursuant to Civ.R. 41(B)(1) since the court failed to notify McCann of its intent to dismiss prior to dismissal. Based upon this analysis, we overrule appellant's first assignment of error, sustain her second assignment of error and reverse and remand this action dismissing the boatdock case. On remand, the common pleas court is required by R.C. 2506.03 to hold a hearing in which it considers additional evidence in only the *boatdock case*, Common Pleas No. 210881.

Remanded.

*Judgment accordingly.*

JAMES D. SWEENEY, P.J., and PORTER, J., concur in judgment only.