JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Lisa Jackson appeals from the judgment of the Hamilton County Court of Common Pleas wherein her workers' compensation appeal was dismissed "other than upon the merits," or without prejudice, under Civ.R. 41(B) for failure to prosecute.
The trial court's dismissal without prejudice was not a final appealable order because it did not determine the action.[1] Accordingly, we are precluded from reviewing Jackson's appeal and the assignment contained therein, and the appeal is hereby dismissed.
Further, a certified copy of this Judg-ment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
Enter upon the Journal of the Court on October 20, 1999. per order of the Court _______________________________.
 ________________________ Presiding Judge
[1] See Stafford v. Hetman (June 4, 1998), Cuyahoga App. No. 72825, unreported; Christian v. McFarland (June 20, 1997), Montgomery App. No. 15984, unreported; see, also, Lewis v. Connor
(1985), 21 Ohio St.3d 1, 487 N.E.2d 285 (holding that the savings statute permits the refiling of a workers' compensation appeal in the common pleas court); compare McCann v. Lakewood (1994),95 Ohio App.3d 226, 642 N.E.2d 48 (characterizing a trial court's dismissal without prejudice of an original action as lacking finality given the application of the savings statute and contrasting such a dismissal with a trial court's dismissal without prejudice of an administrative appeal, which, with the exception of a worker's compensation appeal, may not be refiled pursuant to the savings statute).