OPINION
Appellant, Michael Eric Schmieg, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of appellee, Ohio Department of Human Services ("ODHS"), now Ohio Department of Job and Family Services ("ODJFS"). Appellant assigns a single error:
 R.C. 2305.19 applies to administrative agency appeals and therefore, the Trial Court erred in dismissing appellant's re-filed appeal.
Because the common pleas court properly concluded that R.C. 2305.19
does not apply to appellant's action in the common pleas court, we affirm.
The parties do not dispute the underlying procedural posture of this case. On March 15, 1999, pursuant to R.C. 5101.35(E)(3), appellant filed a timely appeal of appellee's Cadministrative decision in the common pleas court. The common pleas court dismissed the appeal "without prejudice" on July 26, 1999, for failure to prosecute: appellant failed to file a timely brief in support of the appeal.
On December 6, 1999, appellant filed a "Notice of Re-filed Appeal of Administrative Agency Decision." Appellee responded with a motion to dismiss, contending the appeal was untimely under R.C. 5101.35(E). Appellant replied that the re-filed appeal was timely pursuant to R.C.2305.19, the savings statute. Concluding the savings statute does not apply, the common pleas court dismissed appellant's appeal for lack of jurisdiction premised on an untimely appeal. In his single assignment of error, appellant asserts the common pleas court erred in failing to apply R.C. 2305.19 and to find his re-filed appeal was timely.
The savings statute, R.C. 2305.19, applies to "an action commenced, or attempted to be commenced * * *." "A civil action is commenced with the filing of a complaint with the court * * *." Civ.R. 3(A). Thus, neither the statute alone, nor read in conjunction with the civil rules, suggests the statute applies to an appeal.
Consistent with the foregoing, the Supreme Court interpreted a savings statute, similar in all relevant aspects to R.C. 2305.19, to apply only to original actions and not to proceedings in error. See Atcherly v.Dickinson (1878), 34 Ohio St. 537. Similarly, this court has held that R.C. 2305.19 does not apply to administrative appeals. In the Matter ofJohn Edward Johnson (Feb. 24, 1981), Franklin App. No. 80AP-584, unreported; see, also, Parker v. Central Manufacturers Mutual Ins. Co.
(1953), 98 Ohio App. 169, 173-174 (interpreting Section 11233 of the General Code, the predecessor to R.C. 2305.19 and textually identical to R.C. 2305.19, to apply "exclusively to original actions * * *"); McCannv. City of Lakewood (1994), 95 Ohio App.3d 226.
Despite the foregoing, appellant relies on Lewis v. Connor (1985),21 Ohio St.3d 1, to assert that R.C. 2305.19 applies to an administrative appeal. Appellant's reliance of Lewis is misplaced. While Lewis applied R.C. 2305.19 to an appeal from a decision of the Industrial Commission,Lewis appears to be an exception to the general rule based on the unique procedures associated with an appeal from the Industrial Commission. See,e.g., R.C. 4123.512.
An appeal from an Industrial Commission determination regarding the right to participate is commenced with the filing of a complaint served in accordance with the civil rules, and the matters raised are subject tode novo review. Youghiogheny Ohio Coal Co. v. Mayfield (1984),11 Ohio St.3d 70, 71; State ex rel. Federated Dept. Stores v. Brown
(1956), 165 Ohio St. 521; Zuljevie v. Midland-Ross (1980),62 Ohio St.2d 116, 118. The de novo review extends to factual and legal issues alike, and the resolution is "predicated not upon the evidence adduced before the Industrial Commission but, instead, upon evidence adduced before the common pleas court as in any civil action, which may involve a jury trial if demanded." Marcum v. Barry (1991),76 Ohio App.3d 536, 539; see, also, Green v. B.F. Goodrich Co. (1993),85 Ohio App.3d 223. The trier of fact makes its determination "without deference to the decision of the Industrial Commission." Id.
By contrast, appellant's appeal commenced with the filing of a notice of appeal. The court was not required to take additional evidence and was prohibited from a de novo review of appellee's decision. Rather, the court was to determine if the agency's decision is supported by substantial, reliable and probative evidence and is in accordance with law. When viewed in their respective procedural postures, the R.C. 4123.512
proceeding is akin to a civil action, whereas appellant's administrative appeal is similar in all pertinent respects to an appeal.
An Industrial Commission appeal has other characteristics not common to the typical administrative appeal. For example, on appeal, an Industrial Commission claimant is permitted to join additional employers as necessary parties. Gradwell v. A.S. Helibig Construction Co. (1989),62 Ohio App.3d 197. The claimant also can raise issues and claim injuries that were not raised before the Industrial Commission. Reed v. MTDProducts Inc., Midwest Industries (1996), 111 Ohio App.3d 451. Moreover, the parties in the common pleas action are not permitted to reference the results of previous administrative hearings. Valentino v. Keller (1969),17 Ohio St.2d 21.
In the final analysis, "R.C. 4123.519 [now R.C. 4123.512] does not treat the `appeal' from the Industrial Commission to the common pleas court as an error proceeding * * *." Marcum, supra, at 539. Because of the unique statutory scheme that accompanies Industrial Commission appeals, the "appeal" more closely resembles an original action.
Appellant nonetheless contends that under these circumstances, the dismissal without prejudice in the common pleas court placed him in a worse position than a dismissal with prejudice would have because (1) he cannot re-file the claim under R.C. 2305.19, and (2) he could not appeal the dismissal without prejudice because it is not a final appealable order.
Appellant's case was dismissed for failure to prosecute. A dismissal based on a failure to prosecute is an involuntary dismissal. Civ.R. 41(B)(1). An involuntary dismissal under Civ.R. 41(B)(1) operates as an "adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3). Here, the court did "otherwise specify" by dismissing the case without prejudice.
An involuntary "without prejudice" dismissal, however, is still a final appealable order. See Karem v. McElroy (1962), 116 Ohio App. 288 (holding that involuntary dismissal without prejudice is an appealable final order); Springfield City School Support Personnel v. State Emp. RelationsBd.(1992), 84 Ohio App.3d 294, 301 (holding dismissal of original suit without prejudice does not render it any less reviewable under R.C.119.12); McCann, supra, at 233 (holding that an involuntary dismissal for want of prosecution is a final appealable order despite the fact that the dismissal was without prejudice). In circumstances not present here, a dismissal may not be a final appealable order. Hattie v. Garn (Dec. 29, 1999), Lorain App. No. 98CA007208, unreported (holding that an involuntary dismissal without prejudice for failure to prosecute is not a final order when re-filing or amending the complaint is possible); Sayrev. Valley Ford Truck Sales, Inc. (Aug. 17, 2000), Cuyahoga App. No. 76515, unreported (holding that a voluntary dismissal without prejudice is not a final order). Since, the dismissal was involuntary and the action could not be re-filed or otherwise survive, the order was a final appealable order despite the fact that it was without prejudice.
Given the foregoing, the common pleas court properly concluded that R.C. 2305.19 does not permit appellant to re-file his appeal of appellee's administrative decision. Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the common pleas court.
 ________________ BRYANT, J.
TYACK and PETREE, JJ., concur.