While I concur with the majority, I would make two observations about the proceedings below. First, with respect to administrative appeals taken to the common pleas court, such appeals are governed by R.C. 2505 and the Rules of Appellate Procedure, unless R.C. 119 applies. R.C.2505.03(B); McCann v. Lakewood (1994), 95 Ohio App.3d 226, 232; VFW Post1238 v. Liquor Control Comm. (Sept. 22, 1997), Huron App. No. H-97-026, unreported, at 1, fn. 1, 1997 WL 614938. Therefore, in the case at hand, the Bureau of Motor Vehicle's reliance on Civ.R. 55(D) was misplaced. Second, R.C. 119.12 states that "[t]he court may affirm the order of the agency," or, "[i]n the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." In the instant case, the trial court "granted" Henretta's appeal. The appropriate ruling would have been for the trial court to reverse the administrative decision of the Bureau of Motor Vehicles.