JOURNAL ENTRY and OPINION.
{¶ 1} The Basement, Gary Bauer dba The Basement, and Jellyrolls, (hereinafter The Basement) appeals from a judgment of the common pleas court denying their Rule 60(B) motion to vacate default judgment granted to David B. Reed. On appeal, they assign the following errors for our review:
 {¶ 2} "I. Defendants-Appellants satisfied their burden to allege operative facts and a meritorious defense in their 60(B) relief from judgment motion and therefore, the denial of Defendant-Appellants' 60(B) relief from judgment motion was an abuse of discretion."
 {¶ 3} "II. The trial court's blatant disregard for its earlier order concerning Plaintiff-Appellee's requirements with respect to the default judgment is further evidence of abuse of discretion."
 {¶ 4} "III. Defendants-Appellants' motion for relief from judgment consistent with civil rule 60(B) was completely unopposed and thus, the trial court's denial, without any contrary operative facts, was an abuse of discretion."
 {¶ 5} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 6} David B. Reed sued The Basement, Gary F. Bauer dba The Basement, and Jellyrolls, Inc., for failing to maintain a safe atmosphere in a nightclub known as The Basement, after he was assaulted by a Basement employee. On August 3, 2001, Reed filed his Complaint, but failed to obtain certified mail service upon The Basement. On March 8, 2002, Reed orally moved for a default judgment against The Basement, and the trial court scheduled the hearing for March 27, 2002.
 {¶ 7} At the default hearing that ensued, Reed testified that on September 23, 2000, he and some friends went to The Basement, and after being there for about ten (10) minutes he was assaulted by Robert Muniak, a security personnel of the nightclub. Reed said Muniak attacked him from behind causing him to fall face first to the ground. He suffered a broken nose, a bruised jaw, and consequently had to undergo reconstructive surgery. His medical bills and loss of earnings amounted to $6,617.64. He further testified Muniak pled guilty to assault and he was sentenced to probation.
 {¶ 8} The attorney for The Basement was present at the hearing, and noted for the record that neither The Basement, nor any of its representatives had signed for any certified mail in connection with the lawsuit. He said The Basement recently found out about the lawsuit, and retained counsel immediately.
 {¶ 9} The trial court entered judgment against The Basement for Forty Thousand ($40,000).
 {¶ 10} The Basement filed a motion for relief from judgment consistent with Ohio Civil Procedure Rule 60(B). On August 22, 2002, the trial court denied the motion and indicated The Basement failed to demonstrate any defenses to Reed's Complaint. The Basement now appeals.
 {¶ 11} In their first assignment of error, Basement contends, having satisfied their burden to allege operative facts and a meritorious defense, it was an abuse of discretion for the trial court to deny their Rule 60(B) motion.
 {¶ 12} In a review of a Civ.R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion.[1]
 {¶ 13} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[2]
 {¶ 14} To prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must meet what is essentially a three-prong test.[3] The movant must establish that he has a meritorious claim or defense to present if the trial court grants relief.[4] Additionally, the movant must demonstrate his entitlement to relief under one of the grounds stated in Civ.R. 60(B).[5] Finally, the movant must make the motion within a reasonable time after the court entered the judgment.[6]
 {¶ 15} "A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that it is entitled to the relief requested in order to have a hearing. Where the movant's motion and the accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the trial court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment. The movant bears the burden of proving his allegations in support of his motion."[7]
 {¶ 16} Our inquiry begins with whether The Basement's motion was supported with evidentiary materials and sufficient operative facts to warrant relief from judgment. The Basement set forth the defense that Reed had been drinking, but produced no evidence, and no sworn statements to substantiate its allegations. Broad conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment.[8] A defense is meritorious if it is not a sham and when, if true, it states a defense in part or in whole to the cause of action set forth.[9] The movant need not establish that his defense will ultimately be successful.[10] The Basement was present at the default hearing, heard testimony that its employee pled guilty and was on probation; cross-examined Reed, yet never advanced any evidence that would warrant relief from judgment. Because The Basement had the opportunity, but failed to provide evidence of operative facts to demonstrate a meritorious claim, we find that the first prong of the test is not satisfied.
 {¶ 17} The second prong of the test is whether there was evidence of excusable neglect within the meaning of Civ.R. 60(B)(1). The Basement stated it may have received the summons and complaint Reed filed, but if it did, it mistakenly believed it was in connection to one of the other several lawsuits filed against it. The court's file revealed, that on August 3, 2001, summons and complaint were sent by certified mail, return receipt requested to all defendants. The Basement's summons and complaint were returned as undeliverable as addressed, while that sent to Gary F. Bauer dba The Basement and to Jellyrolls, Inc., was unclaimed. The court obtained service on defendant, Robert Mundiak. On September 24, 2001, the summons and complaint were again sent by certified mail to the Basement at the address of Gary F. Bauer, but were unclaimed.
 {¶ 18} Civ.R. 4.6(D) requires that service then be made by ordinary mail, evidenced by a certificate of mailing. Service is presumed complete when the certificate of mailing is entered in the record, unless the envelope is returned marked "failure of delivery."[11] Because the summons and complaint sent were to Gary F. Bauer and Jellyrolls, Inc. by ordinary mail and were not returned, this court will presume that Basement was duly served. In their sworn affidavit, The Basement states if it received the summons and complaint, it thought it related to one of the several other lawsuits filed against it. That being the case, it should have been incumbent upon The Basement to address it immediately. We, therefore, conclude their explanations do not provide a sufficient basis for excusable neglect within the meaning of Civ.R. 60(B)(1).
 {¶ 19} The third prong of the test is whether the motion was timely filed. In this case, there is no dispute that the motion was filed timely.
 {¶ 20} Having reviewed the three-prong tests for Civ.R. 60(B) motions, we find The Basement failed to provide evidence of operative facts, which demonstrate a meritorious claim, and also failed to provide a sufficient basis for excusable neglect within the meaning of Civ.R. 60(B)(1). We, therefore, overrule The Basement's first assigned error. Consequently, The Basement's second and third assigned errors are moot, and need not be addressed.
Judgment affirmed.
ANNE L. KILBANE, J., and SEAN C. GALLAGHER, J., concurs in judgment only.
[1] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
[2] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257 (Citations omitted).
[3] McCann v. City of Lakewood (1994), 95 Ohio App.3d 226,235-236.
[4] Id.
[5] Id.
[6] Id.
[7] Pisani v. Pisani (Sept. 19, 1996), Cuyahoga App. No. 70018.
[8] Spivey v. Spivey (Dec. 19, 1991), Cuyahoga App. No. 61865 at 5.
[9] Brenner v. Shore (1973), 34 Ohio App.2d 209, 215, 297.
[10] Morgan Adhesives Co. v. Sonicor Instrument Corp. (1995),107 Ohio App.3d 327, 334.
[11] Civ.R. 4.6(D); Rafalski v. Oates (1984), 17 Ohio App.3d 65; Grantv. Ivy, supra, and Sec. Natl. Bank Trust Co. v. Murphy (July 20, 1989), Clark App. No. 2552.