[Cite as *Carter Jones Lumber Co. v. Kerr*, 2016-Ohio-5169.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

The Carter Jones Lumber Co. dba
Carter Lumber Co.

     Appellee

v.

Jeremy Kerr dba Kerr Construction

     Appellant

Court of Appeals No. WD-14-039

Trial Court No. 02-CVF-01038

**<u>DECISION AND JUDGMENT</u>**

Decided:  July 29, 2016

* * * * *

Jeremy Kerr, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Bowling Green Municipal Court.[1]  Appellant, Jeremy Kerr, contests the trial court's denial of his motion for relief from judgment.  For the following reasons, we affirm.

---

[1] On May 1, 2015, we stayed this matter pending appellant's bankruptcy proceedings. Those proceedings are now completed, and the bankruptcy stay has been lifted.

On July 12, 2002, appellee, The Carter-Jones Lumber Co., filed a complaint against appellant alleging that he had passed four bad checks. Appellant was personally served with the complaint on August 7, 2002. On September 27, 2002, appellee moved for default judgment. The trial court granted the motion on October 8, 2002, and entered judgment for appellee in the amount of $4,445.25. Thereafter, collection proceedings were undertaken for the better part of the next decade, with minimal success.

On March 5, 2012, appellant filed a "Motion to Vacate Default Judgment," in which he argued that he was not the proper defendant. Instead, he argued that the checks were written by a limited liability corporation named "Kerr Construction," of which he was the member and manager. The trial court denied this motion on May 21, 2012. Appellant did not appeal.

On April 11, 2014, appellant filed a "Motion to Vacate Void Av (sic) Initio Judgment." Appellant's motion invoked Civ.R. 60(B), but he also argued that the judgment was void because he was not a proper defendant. On May 19, 2014, the trial court entered its judgment denying appellant's motion to vacate, finding that appellant failed to demonstrate any of the requirements under Civ.R. 60(B) and that he was improperly attempting to use Civ.R. 60(B) as a substitute for appeal.

Appellant has timely appealed the trial court's May 19, 2014 judgment, and now asserts one assignment of error for our review:

> 1. The trial court erred by applying the prerequisite (sic) of Civ.R. 60 to a void ab initio judgment.

2.

**Analysis**

In his brief, appellant reasserts the argument that the trial court lacked jurisdiction over him because he was not the proper defendant. Thus, appellant concludes that the judgment is void ab initio, and consequently the requirements of a Civ.R. 60(B) motion are not applicable.

In support of his argument, appellant cites *Owners Ins. Co. v. Blakemore*, 6th Dist. Lucas No. L-01-1342, 2002 Ohio App. Lexis 220, 2002-Ohio-239 (Jan. 25, 2002), in which we held that because the trial court lacked personal jurisdiction over the appellant, Timothy Blakeman, the judgment was void ab initio and he was not compelled to establish the requirements of Civ.R. 60(B)(5).

We find *Blakemore* to be distinguishable. In that case, we found that the trial court lacked personal jurisdiction over Blakeman because the complaint named Timothy *Blakemore* as the defendant and was never amended to properly name Timothy *Blakeman*. *Id.* at *7-8. Here, however, the trial court properly had jurisdiction over appellant. "[Personal jurisdiction] may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). In this case, jurisdiction over appellant was acquired by the personal service of the complaint in which he was the named defendant. *See* Civ.R. 3(A) ("A civil action is commenced by filing a complaint with the

3.

court, if service is obtained within one year from such filing upon a named defendant * * *."); Civ.R. 4.1(B). Unlike *Blakemore*, this is not a situation where appellant was not the named defendant because his name was misspelled. Therefore, because the trial court had personal jurisdiction over appellant, the trial court's default judgment is not void ab initio.

Since the judgment is not void, in order to obtain relief from the judgment, appellant must comply with the requirements of Civ.R. 60(B). That is, he must demonstrate

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds enumerated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

"These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

Upon our review of the record, we hold that the trial court did not abuse its discretion in denying appellant's motion to the extent that it invoked Civ.R. 60(B). *See Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 66, 479 N.E.2d 879

4.

(1985) (An appellate court applies an abuse of discretion standard in reviewing the trial court's ruling on a motion for relief from judgment under Civ.R. 60(B).). First, appellant's motion is barred by res judicata. "When a motion for relief from judgment has been denied, res judicata precludes relief on successive, similar motions raising issues which were or could have been raised originally." *Caron v. Manfresca*, 10th Dist. Franklin No. 98AP-1399, 1999 Ohio App. LEXIS 4395, *12 (Sept. 23, 1999), citing *McCann v. Lakewood*, 95 Ohio App.3d 226, 237, 642 N.E.2d 48 (8th Dist.1994). Here, appellant's argument that Kerr Construction, not himself individually, was the proper defendant was raised in his initial "Motion to Vacate Default Judgment." The trial court rejected appellant's argument, and appellant did not appeal. Thus, res judicata precludes appellant from raising the argument again now.

Second, even if res judicata did not apply, we cannot say that the trial court's denial of his Civ.R. 60(B) motion was an abuse of discretion where it was untimely filed nearly 12 years after the default judgment was entered, and after a decade of collections proceedings.

Accordingly, appellant's assignment of error is not well-taken.

### Conclusion

For the foregoing reasons, we find that substantial justice was done the party complaining, and the judgment of the Bowling Green Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.   _____
                JUDGE

Arlene Singer, J.

               _____
James D. Jensen, P.J.         JUDGE
CONCUR.

               _____
                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.