JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Phnom Penh Restaurant, Inc., et al. ("Phnom Penh") appeals the trial court's denial of its motion to vacate. Phnom Penh assigns the following errors for our review:
 "I. The trial court abused its discretion when it denied defendant's motion to vacate."
 "II. The trial court abused its discretion when it awarded plaintiff's damages."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} In July 2005, Appellees Doeun Chhan ("Chhan") and Dal Thach entered into negotiations with Mang Keo, the owner of Phnom Penh, to purchase Shoprite Supermarket located at 4606 West 130th
Street in Cleveland, Ohio. On July 25, 2005, Chhan signed a letter of intent to purchase the business, the business assets, and the inventory. The parties agreed on a total purchase price of $ 250,000, which represented $ 130,000 for the business and its assets, and $ 120,000 for the inventory. Chhan tendered the amount of $ 10,000 to Keo as earnest money to be applied towards the purchase price.
 {¶ 4} Subsequent to the agreement of the parties, Chhan unsuccessfully sought access to the business' financial statements, including the profit-loss statements, tax returns, cash flow statements, and inventory purchase records. In addition, Keo attempted to raise the price Chhan had agreed to pay for the inventory *Page 3 
from $ 120,000 to $ 150,000. Consequently, when Chhan refused to follow through with the purchase without having access to the financial statements, Keo refused to refund the earnest money.
 {¶ 5} On January 17, 2006, Chhan and Thach filed suit against Keo alleging breach of contract, fraud, negligent misrepresentation, promissory estoppel, and in the alternative, a finding of unconscionability. In the Complaint, Chhan and Thach specifically alleged that Keo induced them to purchase the business by representing that the business was financially successful, was solvent, and had yearly profits in sums greater than $ 100,000 per year. In the Complaint, Chhan also alleged that Keo represented that the business was operating legally and complying with all laws and ordinances.
 {¶ 6} On January 23, 2006, Chhan filed an amended complaint because he changed his name after he became a citizen of the United States. At a pre-trial held on April 6, 2006, the trial court indicated that Phnom Penh's Answer and Counterclaim, filed March 24, 2006, without leave of court, was untimely. At the pre-trial, Chhan indicated that he had not been served with the Answer and Counterclaim that Phnom Penh had filed. In addition, Chhan indicated that without knowledge that Phnom Penh had filed an Answer and Counterclaim, he had filed a motion for default judgment on March 31, 2006.
 {¶ 7} Phnom Penh orally moved the trial court for leave to file its Answer and Counterclaim instanter. The trial court advised Phnom Penh to file a written motion. *Page 4 
On April 10, 2006, Phnom Penh filed the written motion as directed, Chhan opposed the motion, and on May 8, 2006, the trial court denied Phnom Penh's motion. On May 16, 2006, Phnom Penh filed a motion to vacate, which the trial court denied. {¶ 8} On July 19, 2006, the trial court conducted a hearing on Chhan's motion for default judgment. On July 20, 2006, the trial granted judgment in Chhan's favor in the amount of $ 10,000, plus 6% interest.
 Motion to Vacate {¶ 9} In the first assigned error, Phnom Penh argues the trial court abused its discretion by denying it leave to file its answer and counterclaim after the twenty-eight-day period had expired. We disagree.
 {¶ 10} If a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion where the failure to act was the result of excusable neglect.[1] A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion.[2]
 {¶ 11} In determining whether neglect is excusable or inexcusable, the Ohio Supreme Court has explained that "[the court] must take into consideration all the *Page 5 
surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)."[3]
 {¶ 12} The record in this case reflects that Phnom Penh filed its Answer and Counterclaim out of rule, and was advised by the trial court to file a written motion demonstrating excusable neglect. Phnom Penh's written motion stated in pertinent part as follows:
 "Counsel was recently retained in this matter and did not realize that Defendants were in error about the actual date of service of the Complaint and Summons in this matter. Further, Defendant's counsel's internet service provider was down and counsel was not able to check the Court's website to confirm the actual date of service."[4]
 {¶ 13} After the trial court denied the above motion, Phnom Penh filed a motion to vacate the trial court's decision and the following exchange took place at the hearing on the motion to vacate:
 "The Court: Here's what you told me. You were recently retained. Now, this is something being filed on April 10th, right?
 Mr.___: Correct. *Page 6 
 The Court: And you said you were recently retained. Well, you really weren't that recently retained. You must have been in the case two months.
 Mr.___: Well, approximately. I guess just a difference — perhaps I should have been more precise.
 The Court: You said you did not realize — defendant unaware about the actual date of service of the complaint. No reference to the amended complaint. And then you said your internet service provider was down. You couldn't check the website. That's why, when this Court denied the motion, I said, well, okay, you couldn't check the website. How come you couldn't pick up the phone and call the clerk's office or stop down and see the records.
 Mr.___: Correct.
 The Court: — or for that matter, you can go to the public library and use their internet service.
 Mr.___: Correct. As I indicated in my motion to vacate, I spell out in detail, and I did not realize why I didn't realize it until I put this motion together.
 The Court: It seems to me the date to figure out what happened was the day you're putting this motion I denied together because you'd just been to a pre-trial where I'm setting a default hearing. You knew the Court was serious that we were going to do this case properly or we weren't going to do it at all?
 Mr.___: Correct.
 The Court: One wonders why you then gave me such a weak fluffy motion and then only when I denied it you go, oh, they're really, really going to make me follow the civil rules.
 Mr.___: Certainly, there was no disrespect intended towards the Court or towards you. *Page 7 
 The Court: Well, I don't take it as disrespect, but you know, the supreme court counts on the judges to enforce the civil rules and that's what I take it my job to be. One of the reasons for that being pressed upon the judges by the supreme court is it's fair to both sides."[5]
 {¶ 14} Our review of the record, including the above exchange, indicates that the trial court properly determined that Phnom Penh did not demonstrate excusable neglect as prescribed by Civ.R. 6(B)(2). Here, the record indicates that Phnom Penh's counsel represented that he was retained on February 4, 2006. In addition, counsel represented that he noted that Phnom Penh was served on January 27, 2006, thus, he calculated that the Answer was due on February 24, 2006. Further, counsel represented that he subsequently spoke with his client and was advised that it had been served with an Amended Complaint, and from that conversation, he surmised that the Answer was due on March 24, 2006.
 {¶ 15} We conclude that Phnom Penh's counsel has not demonstrated why any confusion as to the due date of the Answer and Counterclaim was not resolved by making a simple phone call to the clerk's office. Further, Phnom Penh's counsel could have made a brief visit to the clerk's office for a personal inspection of the case docket. The failure to timely answer is neglect and should be imputed to the client.[6] Phnom Appellant Phnom Penh Restaurant, Inc., et al. ("Phnom Penh") *Page 8 
appeals the trial court's denial of its motion to vacate. Phnom Penh assigns the following errors for our review:
 {¶ 16} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 17} In July 2005, Appellees Doeun Chhan ("Chhan") and Dal Thach entered into negotiations with Mang Keo, the owner of Phnom Penh, to purchase Shoprite Supermarket located at 4606 West 130th
Street in Cleveland, Ohio. On July 25, 2005, Chhan signed a letter of intent to purchase the business, the business assets, and the inventory. The parties agreed on a total purchase price of $ 250,000, which represented $ 130,000 for the business and its assets, and $ 120,000 for the inventory. Chhan tendered the amount of $ 10,000 to Keo as earnest money to be applied towards the purchase price.
 {¶ 18} Subsequent to the agreement of the parties, Chhan unsuccessfully sought access to the business' financial statements, including the profit-loss statements, tax returns, cash flow statements, and inventory purchase records. In addition, Keo attempted to raise the price Chhan had agreed to pay for the inventory from $ 120,000 to $ 150,000. Consequently, when Chhan refused to follow through with the purchase without having access to the financial statements, Keo refused to refund the earnest money. *Page 9 
 {¶ 19} On January 17, 2006, Chhan and Thach filed suit against Keo alleging breach of contract, fraud, negligent misrepresentation, promissory estoppel, and in the alternative, a finding of unconscionability. In the Complaint, Chhan and Thach specifically alleged that Keo induced them to purchase the business by representing that the business was financially successful, was solvent, and had yearly profits in sums greater than $ 100,000 per year. In the Complaint, Chhan also alleged that Keo represented that the business was operating legally and complying with all laws and ordinances.
 {¶ 20} On January 23, 2006, Chhan filed an amended complaint because he changed his name after he became a citizen of the United States. At a pre-trial held on April 6, 2006, the trial court indicated that Phnom Penh's Answer and Counterclaim, filed March 24, 2006, without leave of court, was untimely. At the pre-trial, Chhan indicated that he had not been served with the Answer and Counterclaim that Phnom Penh had filed. In addition, Chhan indicated that without knowledge that Phnom Penh had filed an Answer and Counterclaim, he had filed a motion for default judgment on March 31, 2006.
 {¶ 21} Phnom Penh orally moved the trial court for leave to file its Answer and Counterclaim instanter. The trial court advised Phnom Penh to file a written motion. On April 10, 2006, Phnom Penh filed the written motion as directed, Chhan opposed the motion, and on May 8, 2006, the trial court denied Phnom Penh's motion. On May 16, 2006, Phnom Penh filed a motion to vacate, which the trial court denied. *Page 10 
 {¶ 22} On July 19, 2006, the trial court conducted a hearing on Chhan's motion for default judgment. On July 20, 2006, the trial granted judgment in Chhan's favor in the amount of $ 10,000, plus 6% interest.
 {¶ 23} In the first assigned error, Phnom Penh argues the trial court abused its discretion by denying it leave to file its answer and counterclaim after the twenty-eight-day period had expired. We disagree.
 {¶ 24} If a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion where the failure to act was the result of excusable neglect.[7] A trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion.[8]
 {¶ 25} In determining whether neglect is excusable or inexcusable, the Ohio Supreme Court has explained that "[the court] must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. Although excusable neglect cannot be defined in the abstract, the test for *Page 11 
excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)."[9]
 {¶ 26} The record in this case reflects that Phnom Penh filed its Answer and Counterclaim out of rule, and was advised by the trial court to file a written motion demonstrating excusable neglect. Phnom Penh's written motion stated in pertinent part as follows:
 {¶ 27} After the trial court denied the above motion, Phnom Penh filed a motion to vacate the trial court's decision and the following exchange took place at the hearing on the motion to vacate:
 {¶ 28} Our review of the record, including the above exchange, indicates that the trial court properly determined that Phnom Penh did not demonstrate excusable neglect as prescribed by Civ.R. 6(B)(2). Here, the record indicates that Phnom Penh's counsel represented that he was retained on February 4, 2006. In addition, counsel represented that he noted that Phnom Penh was served on January 27, 2006, thus, he calculated that the Answer was due on February 24, 2006. Further, counsel represented that he subsequently spoke with his client and was advised that it had been served with an Amended Complaint, and from that conversation, he surmised that the Answer was due on March 24, 2006. *Page 12 
 {¶ 29} We conclude that Phnom Penh's counsel has not demonstrated why any confusion as to the due date of the Answer and Counterclaim was not resolved by making a simple phone call to the clerk's office. Further, Phnom Penh's counsel could have ma
 {¶ 30} Penh's counsel had a basic duty to check the Court's docket to determine the correct due date for the responsive pleadings and failed to do so. Consequently, Phnom Penh failed to meet the requirements prescribed by Civ.R. 6(B)(2).
 {¶ 31} We also conclude that Phnom Penh failed to meet the requirements to prevail on their motion to vacate.
 {¶ 32} To prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must meet what is essentially a three-prong test.[10] The movant must establish that he has a meritorious claim or defense to present if the court grants relief.[11] Additionally, the movant must demonstrate his entitlement to relief under one of the grounds stated in Civ.R. 60(B).[12]
Finally, the movant must make the motion within a reasonable time after the court entered the judgment.[13] *Page 13 
 {¶ 33} "A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. * * * Where the movant's motion and the accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *. The movant bears the burden of proving his allegations in support of his motion."[14]
 {¶ 34} In the instant case, it is undisputed that Phnom Penh filed a motion to vacate in a timely manner. We have also concluded in our discussion above that Phnom Penh has not demonstrated excusable neglect in exercising reasonable diligence in ascertaining the due date of the responsive pleadings. Consequently, the remaining issue is whether Phnom Penh can establish that it has a meritorious claim or defense to present if the court grants relief. We conclude that Phnom Penh has not established a meritorious defense.
 {¶ 35} Here, the record indicates that Phnom Penh did not allow Chhan access to the financial documents necessary to evaluate and complete the purchase of the business. Keo admitted that he did not provide the documents Chhan requested. The following exchange took place at the hearing for default judgment:
 "Q. Mr. Ear requested the corporate tax returns for the last three years, did he not? *Page 14 
 A. He didn't request nothing in the beginning until he have his second lawyer.
 Q. And his second lawyer requested the corporate tax returns; yes, no —
 A. He did request company document, but I'm not — * * *
 Q. Okay?
 A. About income tax, I told him. I told him that I would be happy to show to him, but he can't have a copy of those income tax returns because I cannot provide income tax. I don't know what they do, put on line or whatever. I would be happy to show him with his lawyer present at the time. We did talk about that.
 Q. Sir, so to clarify for the record, he requested the returns and you did not provide him with the tax returns correct?
 A. For that moment no, but later on yes.
 Q. Later on you never provided the returns either, sir?
 A. Because he fire [sic] his lawyer.
 "Q. He also asked you for profit and loss statements — summary of the business' activities?
 A. Everything, same thing.
 Q. You never gave him the profit and loss statements either?
 A. We agreed to provide him at a certain point in time, but he fired his lawyer. We have no one to talk to."[15] *Page 15 
 {¶ 36} It is clear from the above exchange that Phnom Penh failed to give Chhan access to the crucial information necessary to make an informed purchase of the business. Thus, Phnom Penh breached the terms of the agreement. Consequently, Phnom Penh cannot establish a meritorious defense, which is necessary to prevail on its motion to vacate. Accordingly, we overrule the first assigned error.
 Default Judgment {¶ 37} In the second assigned error, Phnom Penh argues the trial court abused its discretion in awarding damages to Chhan. We disagree.
 {¶ 38} The entry of default judgments is governed by Civ.R. 55(A), which provides in relevant part as follows:
 "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *"[16]
 {¶ 39} A defendant to an action is in default when he fails to plead within the time allowed by law for that purpose.[17] Civ.R. 12(A)(1) expressly provides that a *Page 16 
defendant must serve his answer within twenty-eight days after service of summons and complaint upon him.[18]
 {¶ 40} In Miller v. Lint,[19] the Supreme Court of Ohio determined that where the defendant failed to serve his answer within twenty-eight days after service of the summons and complaint upon him, then filed his answer late but not "upon motion" and with a demonstration that "the failure to act was the result of excusable neglect," as required by Civ.R. 6(B)(2), the defendant was subject to default judgment pursuant to Civ.R. 55(A).[20]
 {¶ 41} In the instant case, from our disposition of the first assigned error, we determined that Phnom Penh failed to demonstrate that its failure to timely answer the Complaint was due to excusable neglect pursuant to Civ.R. 6(B)(2). We also determined that Phnom Penh also failed to demonstrate that it was entitled to relief under Civ.R. 60(B). Consequently, the trial court's entry of a default judgment in this instance fully comported with Civ.R. 55(A).
 {¶ 42} Moreover, "[h]owever hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon *Page 17 
consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment."[21] Consequently, the trial did not abuse its discretion in granting default judgment to Chhan. Accordingly, we overrule the second assigned error.
Judgment affirmed.
It is ordered that appellees recover from appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and MELODY J. STEWART, J., CONCUR
[1] Wilson v. Sanson, Cuyahoga App. No. 87685, 2006-Ohio-6269.
[2] State ex rel. Lindenschmidt v. Board of Comm'rs,72 Ohio St.3d 464, 465, 1995-Ohio-49.
[3] Id.
[4] Phnom Penh's Motion to File Responsive Pleading Instanter.
[5] Tr. at 18-20.
[6] State ex rel. Weiss v. Industrial Com. of Ohio (1992),65 Ohio St. 3d 470, citing GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146.
[7] Wilson v. Sanson, Cuyahoga App. No. 87685, 2006-Ohio-6269.
[8] State ex rel. Lindenschmidt v. Board of Comm'rs,72 Ohio St.3d 464, 465, 1995-Ohio-49.
[9] Id.
[10] McCann v. City of Lakewood (1994), 95 Ohio App.3d 226,235-236.
[11] Id.
[12] Id.
[13] Id.
[14] Pisani v. Pisani (Sept. 19, 1996), Cuyahoga App. No. 70018.
[15] Tr. at 32-33.
[16] Zellmer Gruber v. George (Feb. 8, 1996), Cuyahoga App. No. 68674.
[17] Suki v. Blume (1983), 9 Ohio App.3d 289, 290.
[18] Id.
[19] (1980), 62 Ohio St.2d 209, 214.
[20] See also, McDonald v. Berry (1992), 84 Ohio App.3d 6, 9-10;Farmers Merchants State Savings Bank v. Raymond G. Barr Enterprises,Inc. (1982), 6 Ohio App.3d 43, 44.
[21] Matthews v. Rader, 11th Dist. No. 2003-L-092,2005-Ohio-3271, quoting Miller v. Lint supra at 214-215. *Page 1