[Cite as *Panzica Constr. v. Bridgeview Crossing, L.L.C.*, 2012-Ohio-4932.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97580

---

# PANZICA CONSTRUCTION CO., ET AL.

### PLAINTIFFS-APPELLEES

vs.

# BRIDGEVIEW CROSSING, LLC, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-700759 and CV-709391

**BEFORE:** Rocco, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 25, 2012

**ATTORNEY FOR APPELLANT**

Gerald W. Phillips
Phillips & Co., L.P.A.
P.O. Box 269
Avon Lake, OH 44012

**ATTORNEYS FOR APPELLEES**

**For Panzica Construction Co.**

Melissa A. Jones
Frantz Ward LLP
2500 Key Center
127 Public Square
Cleveland, OH 44114

Mark E. Owens
J.P. Amourgis & Associates
3200 W. Market Street
Suite 106
Akron, Ohio 44333

**For 5420 East 96 LLC**

Robert T. Glickman
Charles A. Nemer
McCarthy, Lebit, Crystal & Liffman Co.
101 W. Prospect Avenue
Suite 1800
Cleveland, OH 44115

**For Aldi, Inc., Ohio**

David J. Richards, Jr.
Dworken & Bernstein Co.
60 South Park Place
Painesville, OH 44077

**For David M. Browning, Receiver**

Scott A. Norcross
John E. Redeker
Ziegler Metzger, LLP
925 Euclid Avenue
Suite 2020
Cleveland, OH 44155

**For Doan Pyramid LLC**

Samuel Calabrese
5069 Corbin Dr.
Bedford Heights, OH 44128

**For Garfield Hope Loan Acquisition**

Wm. Joseph Baker
Kathleen A. Nitschke
Edward A. Proctor
Giffen & Kaminski, LLC
1300 East Ninth Street
Suite 1600
Cleveland, OH 44144

David C. Tryon
Porter Wright Morris & Arthur
925 Euclid Avenue
Suite 1700
Cleveland, OH 44115

**For Liberty Bank NA**

Jeffrey A. Brauer
Hahn Loeser & Parks LLP
200 Public Square
Suite 2800
Cleveland, Ohio 44114

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Bridgeview Crossing, LLC ("Bridgeview") appeals from the trial court's decision to grant an order of receivership in the underlying foreclosure actions.

**{¶2}** Although this appeal involves a series of complex real estate transactions, the appeal's resolution is quite simple. Because Bridgeview failed to timely challenge the motion made by plaintiff-appellee Garfield Hope Loan Acquisition, LLC ("Garfield Hope") for the appointment of a receiver, Bridgeview has waived the right to challenge the receivership on appeal. This court, accordingly, overrules Bridgeview's assignments of error. The trial court's final judgment granting the order of receivership is affirmed.

**{¶3}** This appeal results from two consolidated actions in foreclosure: Case No. CV-700759, *Panzica Constr. Co. v. Bridgeview Crossing LLC,* ("Panzica Lawsuit") and Case No. CV-709391, *Bank of Am. NA v. 96th St. Dev. LLC,* ("Bank of America Lawsuit"). The Panzica Lawsuit involves a large commercial retail shopping center development known as Bridgeview Crossing Project located in Garfield Heights, Ohio. The Bank of American Lawsuit involves an adjoining property to the Bridgeview Project.

**{¶4}** On May 18, 2011, Garfield Hope filed in the consolidated cases a motion for appointment of receiver ("receivership motion"). Bridgeview eventually filed a brief in opposition, but without seeking leave to do so, on

July 14, 2011. Subsequently, on September 12, 2011, Bridgeview filed a motion to file instanter a brief in opposition to the receivership motion. The trial court, however, never ruled on Bridgeview's motion. *See Abel v. Safety First Indus.*, 8th Dist. No. 80550, 2002-Ohio-6482, ¶ 16 (when a trial court fails to rule on a motion, the court of appeals presumes that the trial court denied the motion).

{¶5} On September 29, 2011, Garfield Hope filed a proposed receivership order. The proposed order was unopposed.

{¶6} On October 10, 2011, Garfield Hope filed a revised receivership order. Again, no one objected to the proposed order.

{¶7} On October 20, 2011, the trial court issued an order granting the motion for the appointment of receiver. This appeal follows.

{¶8} Bridgeview presents nine assignments of error:

> **I. The Trial Court erred when it granted the order of receivership without applying the proper standard and test for a receivership, the clear and convincing evidence standard and test.**
>
> **II. The Trial Court erred when it granted the order of receivership without any evidentiary hearing on the need for a receivership.**
>
> **III. The Trial Court erred when it granted the order of receivership when the applicant has failed in its burden of persuasion and burden of proof for a receivership.**
>
> **IV. The Trial Court erred when it granted the order of receivership based solely upon the satisfaction of one or more of the statutory conditions contained in R.C. Section 2735.01.**

**V.** The Trial Court erred when it granted the order of receivership without proof that the receivership is necessary for the preservation of Complainant's rights.

**VI.** The Trial Court erred when it granted the order of receivership without the proof and establishment of irreparable harm and injury.

**VII.** The Trial Court's actions and conduct in granting the receivership order violates the constitutional due process rights of the Appellants.

**VIII.** The Trial Court erred when it granted the Appellee Garfield Hope's Motion for the Appointment of Receiver over Property over the paramount rights of the mortgagees of the Property.

**IX.** The Trial Court erred when it granted the Appellee Garfield Hope's Motion for the Appointment of Receiver prior to the adjudication of the priority of the various conflicting legal interests.

{¶9} This court will not address the arguments Bridgeview raises in its assignments of error, because the record reflects Bridgeview has waived the right to challenge the appointment of a receiver. Bridgeview's assignments of error are overruled.

{¶10} In this case, when Garfield Hope filed its receivership motion, pursuant to Loc.R. 11(C) of the Court of Common Pleas of Cuyahoga County, responsive memoranda were due no later than May 28, 2011. That rule provides in relevant part: "Each party opposing [a] motion, except for motions for summary judgment, shall serve and file within seven (7) days thereafter, a brief written statement of reasons in opposition to the motion * * *." Bridgeview did not file a brief in opposition, however, until July 14, 2011, almost two months later. Moreover, Bridgeview did not seek leave from the trial court to file the tardy brief.

**{¶11}** Two additional months passed before Bridgeview ever sought permission from the trial court to file a late brief in opposition to the receivership motion; this occurred nearly four months after Garfield Hope filed its motion. Because the trial court never granted Bridgeview leave to file an opposition brief, the trial court had no obligation to consider it. Civ.R. 6(B); *Miller v. Lint*, 62 Ohio St.2d 209, 404 N.E.2d 752 (1980); *Ear v. Phnom Penh Restaurant Inc.*, 8th Dist. No. 88560, 2007-Ohio-3069 (trial court does not abuse its discretion in refusing to recognize a pleading when no excusable neglect is demonstrated); *compare Pinchak v. Prudhomme*, 8th Dist. No. 94053, 2010-Ohio-3879, ¶ 10. To the extent that Bridgeview raised an objection in the court below to the receivership motion, that objection was neither timely nor permitted by the court. The trial court acted within its discretion to disregard it under such circumstances. *Miller*. Bridgeview also failed to object to either Garfield Hope's proposed receivership order or to Garfield Hope's revised receivership order.

**{¶12}** Because Bridgeview failed to raise timely objections to the trial court with regard to the receivership request, it has waived its right to raise those objections to this court on appeal. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997) ("[F]ailure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal."). This court "need not address arguments that were not raised in the trial court." *Hummer v. Hummer*, 8th Dist. No. 96132, 2011-Ohio-3767, ¶ 7.

{¶13} This court views with disfavor the fact that Bridgeview has no response in its appellate reply brief to Garfield Hope's waiver argument. The doctrine of appellate waiver leads this court to overrule all of Bridgeview's assignments of error. *Goldfuss*.

{¶14} The trial court's order is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR