[Cite as *Eilert v. Kerr*, 2016-Ohio-5170.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Larry Eilert

      Appellee

v.

Jeremy Kerr

      Appellant

Court of Appeals No. L-14-1128

Trial Court No. CI0200504258

**DECISION AND JUDGMENT**

Decided: July 29, 2016

* * * * *

Jeremy Kerr, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas.[1] Appellant, Jeremy Kerr, contests the trial court's denial of his "Motion to Vacate Void Ab Initio Judgment." For the following reasons, we affirm.

---

[1] On May 1, 2015, we stayed this matter pending appellant's bankruptcy proceedings. Those proceedings are now completed, and the bankruptcy stay has been lifted.

**{¶ 2}** On July 20, 2005, appellee, Larry Eilert, filed a complaint against appellant doing business as Kerr Construction. The complaint asserted several claims, all stemming from appellant's failure to complete a contract to construct an addition on appellee's property. On August 22, 2005, appellant requested an extension of time until September 19, 2005, to move, plead, or otherwise respond to the complaint. On September 19, 2005, appellant again requested, and was granted an extension of time until October 17, 2005. Appellant never filed an answer.

**{¶ 3}** On March 17, 2006, appellee moved for default judgment. Following a hearing on the amount of damages, the trial court granted the default judgment on May 12, 2006, in the amount of $31,471.16.

**{¶ 4}** Nearly five years later, on April 7, 2011, appellant moved to vacate the default judgment. Appellant claimed that service of the complaint was never completed and that he was never notified of the proceedings

**{¶ 5}** On July 25, 2011, the trial court denied appellant's motion. The court construed appellant's motion as a motion for relief from judgment under Civ.R. 60(B), and found that appellant had not presented a meritorious defense as the record contained a copy of a certified mail receipt from the service of the complaint, which was signed by appellant on July 22, 2005. Appellant did not appeal the trial court's July 25, 2011 judgment.

**{¶ 6}** On March 5, 2012, appellant filed a second "Motion to Vacate Default Judgment." In his second motion, he argued that the complaint listed "Jeremy Kerr d/b/a

2.

Kerr Construction" as the defendant. However, appellant noted that Kerr Construction was a limited liability corporation that was formed as of August 31, 2000. Thus, appellant contended that, as a member of the LLC, he should not be personally liable to satisfy the default judgment.

{¶ 7} On May 8, 2012, the trial court denied appellant's second motion. The trial court recognized that appellant had not appealed the default judgment or the denial of his first motion to vacate, and that a subsequent motion for reconsideration was not a proper substitute for an appeal. Appellant did not appeal the trial court's May 8, 2012 judgment.

{¶ 8} On April 14, 2014, appellant filed the present "Motion to Vacate Void Ab Initio Judgment." In this motion, appellant, pro se, simultaneously argued that he was entitled to relief from judgment under Civ.R. 60(B), and that the default judgment was void because the trial court lacked personal jurisdiction over him as he was not the proper defendant; rather, the proper defendant was Kerr Construction, LLC.

{¶ 9} The trial court summarily denied appellant's "Motion to Vacate Void Ab Initio Judgment" on May 16, 2014.

{¶ 10} Appellant has timely appealed the trial court's May 16, 2014 judgment, and now asserts one assignment of error for our review:

> 1. The trial court erred by denying defendant's motion for relief.

**Analysis**

{¶ 11} In his brief, appellant reasserts the argument that the trial court lacked jurisdiction over him because he was not the proper defendant. Thus, appellant

3.

concludes that the judgment is void ab initio, and consequently the timeliness requirement of a Civ.R. 60(B) motion is not applicable.

{¶ 12} In support of his argument, appellant cites *Owners Ins. Co. v. Blakemore*, 6th Dist. Lucas No. L-01-1342, 2002 Ohio App. Lexis 220, 2002-Ohio-239 (Jan. 25, 2002), in which we held that because the trial court lacked personal jurisdiction over the appellant, Timothy Blakeman, the judgment was void ab initio and he was not compelled to establish the requirements of Civ.R. 60(B)(5).

{¶ 13} We find *Blakemore* to be distinguishable. In that case, we found that the trial court lacked personal jurisdiction over Blakeman because the complaint named Timothy *Blakemore* as the defendant and was never amended to properly name Timothy *Blakeman*. *Id.* at *7-8. Here, however, the trial court properly had jurisdiction over appellant. "[Personal jurisdiction] may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). In this case, jurisdiction over appellant was acquired by the service of the complaint in which he was the named defendant. *See* Civ.R. 3(A) ("A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *."); Civ.R. 4.1(A)(1)(a) ("Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these

4.

rules."). Unlike *Blakemore*, this is not a situation where appellant was not the named defendant because his name was misspelled. Therefore, because the trial court had personal jurisdiction over appellant, the trial court's default judgment is not void ab initio.

{¶ 14} Since the judgment is not void, in order to obtain relief from the judgment, appellant must comply with the requirements of Civ.R. 60(B). That is, he must demonstrate

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds enumerated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976).

"These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 15} Upon our review of the record, we hold that the trial court did not abuse its discretion in denying appellant's motion to the extent that it invoked Civ.R. 60(B). *See Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 66, 479 N.E.2d 879 (1985) (An appellate court applies an abuse of discretion standard in reviewing the trial

5.

court's ruling on a motion for relief from judgment under Civ.R. 60(B).). First, appellant's motion is barred by res judicata. "When a motion for relief from judgment has been denied, res judicata precludes relief on successive, similar motions raising issues which were or could have been raised originally." *Caron v. Manfresca*, 10th Dist. Franklin No. 98AP-1399, 1999 Ohio App. LEXIS 4395, *12 (Sept. 23, 1999), citing *McCann v. Lakewood*, 95 Ohio App.3d 226, 237, 642 N.E.2d 48 (8th Dist.1994). Here, appellant's argument that Kerr Construction, not himself individually, was the proper defendant could have been raised in his initial motion for relief from judgment or, potentially, appealed in his second motion for relief from judgment. Thus, res judicata precludes appellant from raising the argument now.

{¶ 16} Second, even if res judicata did not apply, we cannot say that the trial court's denial of his Civ.R. 60(B) motion was an abuse of discretion where it was untimely filed nearly eight years after the default judgment was entered.

{¶ 17} Accordingly, appellant's assignment of error is not well-taken.

## Conclusion

{¶ 18} For the foregoing reasons, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                JUDGE

Arlene Singer, J.

                                                       _____
James D. Jensen, P.J.                               JUDGE
CONCUR.

                                                       _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.